```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA

                    Alexandria Division

UNITED STATES OF AMERICA      )
                              )
        v.                    )    1:01cr352 (JCC)
                              )
INDRA BAHADUR BHANDARI,       )
                              )
    Defendant.                )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the court on Indra Bahadur Bhandari's ("Defendant") Motion for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. For the following reasons, the Court will grant Defendant's motion in part and deny it in part.

### **I. Background**

Defendant is currently incarcerated at the McRae Correctional Institution in McRae, Georgia. On April 3, 2003, Defendant pled guilty to Conspiracy to Import One Kilogram or more of Heroin and to Bring and Possess on Board an Aircraft One Kilogram or more of Heroin. On June 20, 2003, Defendant was sentenced to 70 months' imprisonment. Nearly four years later, on February 20, 2007, and again on April 10, 2007, Defendant filed motions pursuant to Fed. R. Crim. P. 41(g) for the return of property seized from him when he was arrested on December 11,

2002.[1]  In the April 10 motion, Defendant moved for the return of the following items: (1) U.S. $1,500 in traveler's checks; (2) 1,000 Nepalese Rupees; (3) three Nepalese passports; (4) a personal bag with important certificates and documents; (5) a gold ring; (6) a watch; (7) one suitcase with some clothes; and (8) a bunch of keys, and other stuffs.  Def.'s Mot. for Return of Property at 3.  This motion is currently before this court.

## II.  Analysis

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  The Advisory Committee Notes to the Rule states that "[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable.  But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable."  Advisory Committee Notes accompanying 1989 amendments to Rule 41(e) (now 41(g)).  Likewise, the Notes continue that if the property involves contraband, then "even if illegally seized, [it] is not to be returned."  Advisory

---

[1] Both of Defendant's motions are identical, except that Defendant requested the return of one additional item in his April 10, 2007 motion that he did not request in his February 20, 2007 motion.  Given this fact, this court will treat the April 10 motion as superseding the February 20 motion.

2

Committee Notes accompanying 1972 amendments to Rule 41(e) (now 41(g)).

In response to Defendant's motions, the Government filed a consolidated response on April 30, 2007.  In this response, the Government stated that it was in possession of items (1), (2), (4), (6), (7), and (8), listed above, as well as Defendant's "identifications," and that it did not object to returning these items to Defendant.  Government's Consolidated Resp. at 2.  Because the Government has no objection to the return of those items, this court will grant Defendant's motion as to those items.

The Government further indicated, however, that item (3), three Nepalese passports, and item (5), a gold ring, did not appear to be in evidence.  Government's Consolidated Resp. at 2.  The Government, in a footnote, claimed it was "conceivable" that the passports were turned over to Probation upon Defendant's guilty plea.  *Id.* at 2 n.1.  While the location of items (3) and (5) is unclear, the Government's sworn affidavit that those items are not within the Government's possession is sufficient grounds to deny Defendant's motion for their return.  Even assuming the worst – that the Government once possessed those items and has since destroyed them – federal courts lack jurisdiction to award money damages for property destroyed by the government.  *United*

3

*States v. Jones*, 225 F.3d 468, 470 (4th Cir. 2000). Thus, as to items (3) and (5), Defendant's motion will be denied.

### III.  Conclusion

For these reasons, the Court will grant Defendant's motion in part and deny it in part.

An appropriate Order will issue.

September 26, 2007                          _____/s/_____
Alexandria, Virginia                                James C. Cacheris
                                            UNITED STATES DISTRICT COURT JUDGE